Relator is the defendant in State v. Wells, Cuyahoga County Court of Common Pleas Case No. CR-353154, and is currently incarcerated. His appeal of the judgment imposed in Case No. CR-353154 is currently pending as Case No. 73977. Relator requests that this court compel respondents — "Cuyahoga County Prosecutor, Cleveland Police Dept., Cleveland Clerk of Courts and V.A. Hospital" — to "release any and all information" on Case Nos. CR-353154 and 73977. Complaint, at 1. Relator specifically mentions: all journal entries from September 1997 to January 1998; x-rays from the V.A. Hospital in 1996; the autopsy report regarding the victim; a witness statement.
Initially, we note that relator
 failed to comply with Civil Rule 10(A) which requires that the complaint include the addresses of all the parties. [Relator] omitted his own address. Such a deficiency alone warrants dismissal. State ex rel. Simms v. Sutula (Aug. 21, 1997), Cuyahoga App. No. 72896, unreported and State ex rel. Calloway v. Cuyahoga County Court of Common Pleas (Aug. 21, 1997), Cuyahoga App. No. 71652, unreported.
State ex rel. Hairston v. Pollutro (July 2, 1998), Cuyahoga App. No. 74685, unreported, at 2. The shortcomings of the complaint in this action are identical to those described inHairston and require the same result.
Furthermore, relator failed to comply with Loc. App. R. 8(B)(1) which requires that complaints in original actions "be supported by an affidavit from the plaintiff or relator specifying the details of the claim."
In the complaint, relator asserts that respondents have a duty under Crim.R. 16 to provide him these records. Respondent Cuyahoga County Prosecutor has filed a motion to dismiss. Relator has not opposed the motion. In State ex rel. Hairstonv. Tubbs Jones (July 9, 1998), Cuyahoga App. No. 74526, unreported, the relator requested that this court compel respondent prosecutor " 'to render discovery package' " in his criminal case. Id. at 2. The Hairston court held that the complaint did not state a claim and noted that "the Supreme Court of Ohio has established that a defendant in a criminal action may only use Crim.R. 16 to obtain discovery during the pendency of a criminal proceeding * * *." Id. at 3. As noted above, the proceedings in Case No. CR-353154 have concluded and that case is currently before this court on appeal. The Rules of Criminal Procedure "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure (1) upon appeal to review any judgment, order or ruling * * *." Crim.R. 1(C). Clearly, a rule regarding discovery does not apply to appeals. The motion to dismiss of the prosecuting attorney is well-taken.
Respondent City of Cleveland Department of Public Safety, Division of Police, (which relator listed in the caption as "Cleveland Police Dept.) filed a motion to dismiss or, alternatively motion for summary judgment. In addition to arguing that relator has failed to support the complaint with an affidavit as required by Loc.App.R. 8(B)(1), respondent argues, inter alia, that it has no duty to mail records. "The respondents [the City of Highland Heights and its police department] * * * possess no legal duty to respond to a request for the production of public records as made by mail." State exrel. Webb v. Highland Hts. (Oct. 8, 1998), Cuyahoga App. No. 74333, unreported, at 2 (citations deleted). Obviously, relator's incarceration prevents him from appearing personally to inspect or copy any records which may be public. Furthermore, this court has previously held that a defendant in a criminal action "is not entitled to witness statements or to police notes and reports. Crim.R. 16(B)." State ex rel. Edwardsv. Curran (June 5, 1997), Cuyahoga App. No. 71197, unreported, at 4. See also State ex rel. Edwards v. Curran (June 5, 1997), Cuyahoga App. No. 71226, unreported, at 3.
Accordingly, we dismiss respondents "Cleveland Clerk of Courts" and "V. A. Hospital" sua sponte and grant the motion to dismiss of respondent prosecutor as well as the motion to dismiss or, alternatively, motion for summary judgment of the Division of Police. Relator to pay costs.
Judgment accordingly.
 ANN DYKE, J., CONCURS.
 _______________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE